AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Adelaida CANACA and Candy Celeste Cardona ZUNIGA<br><br>*Defendant(s)* | Case No. 3:23-mj-71169 MAG |

**FILED**
Aug 03 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **August 2, 2023** in the county of **San Francisco** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Fentanyl |

This criminal complaint is based on these facts:

Please see attached affidavit of DEA TFO Braden Lyons

☑ Continued on the attached sheet.

Approved as to form /s/ AUSA
Michael G. Lagrama

/s/
*Complainant's signature*

Braden Lyons, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **Telephone** *(specify reliable electronic means)*.

Date: 08/03/2023

*Judge's signature*

City and state: Portland, Oregon

Hon. Thomas S. Hixson, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Braden Lyons, a Task Force Officer with the Drug Enforcement Administration, having been duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging ADELAIDA CANACA ("CANACA") and CANDY CELESTE CARDONA ZUNIGA ("ZUNIGA") with 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on their possession with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propenamide (fentanyl), occurring on or about August 2, 2023, in San Francisco, California, in the Northern District of California.

## SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other law enforcement officers or agents) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4. I am an "investigator or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7) – that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the narcotics offenses enumerated in Title 21 of the United States Code.

5. I am employed by the San Francisco Police Department (SFPD) as a Police Officer and have been so employed since October 2017. I am currently assigned to the SFPD's Narcotics Division, and I am assigned to investigate narcotics trafficking offenses. I am currently assigned as a Task Force Officer (TFO) to the Drug Enforcement Administration (DEA) within the San Francisco Divisional Office in California. I have been assigned as a DEA TFO since April 2022.

6. I graduated from the SFPD academy in June 2018. In the police academy, I received 40 hours of narcotics-related training. I also attended the SFPD Detective School where I received additional narcotics investigations training. The training curriculum covered all aspects of drug investigations, including identification of the various types of controlled substances, physical surveillance, utilization of confidential sources, interview techniques, undercover operations, and the general operation of drug trafficking organizations. The following is a list of courses I have successfully completed that are relevant to my job duties including narcotics-related arrests, investigations, and search warrants: Search Warrant Fundamentals (POST Certified-DOJ), Robert Presley Institute of Criminal Investigation (ICI) 80-hour Core Course, Cellphone Use in Narcotic Investigations (HIDTA), Gangs and Narcotics (HIDTA), Search Warrants and Narcotics Investigations (HIDTA), Northern California Law Enforcement Opioid Conference & Training 2021 (Rx Safe Marin), Confidential Informant Operations & Safety (HIDTA), Fentanyl and Other Synthetic Opiates (Midwest Counter-Drug Training Center), Drug Identification (Professional Law Enforcement Training – Texas), and the 57th Annual California Narcotics Officers Association Training Institute and LE Enforcement

Summit.

7. During the course of my employment as a Police Officer, I have participated in many controlled substance investigations either as a case agent or in a supporting role. I have debriefed confidential sources and witnesses who provided personal knowledge about drug trafficking organizations. In addition, I have discussed with numerous law enforcement officers and confidential sources the methods and practices used by drug traffickers. I have also participated in many aspects of drug investigations including, but not limited to, undercover operations, telephone toll analysis, records research, and physical surveillance. I have also assisted in the execution of numerous federal and state search and arrest warrants regarding illegal narcotics activity, in which suspects were arrested and controlled substances were seized.

8. Through my training, education, experience, and my conversations with other law enforcement agents and officers who conduct drug investigations, I have become familiar with drug traffickers' use of mobile telephones, and their use of numerical codes and code words to conduct their business. By virtue of my training and experience, and through my conversations with other law enforce officers and agents who conduct drug investigations, I have become familiar with drug traffickers' methods of operation including, but not limited to, the manufacturing, distribution, storage, and transportation of controlled substances, and the methods used by drug traffickers to collect, transport, safeguard, remit, and/or launder drug proceeds.

9. I have also had discussions with other law enforcement officers and confidential informants about the packaging and preparation of narcotics, the methods of operation, and security measures that are often employed by narcotics traffickers. I have examined documentation of various methods in which fentanyl and methamphetamine and other illicit drugs are smuggled, transported, possessed with intent to distribute, and distributed.

10. I have personally participated in the investigation discussed in this affidavit. I am familiar with the facts and circumstances of the investigation through my personal participation

in it based on several investigative techniques, including discussions with agents of the DEA and with other law enforcement officers, and review of records and reports relating to the investigation.  Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part.  Facts not set forth herein, or in any attached exhibits, are not being relied on in reaching my conclusion that the requested order should be issued.  Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTE

11.     **Possession of Controlled Substance with Intent to Distribute**.  Under Title 21, United States Code, Section 841(a)(1), (b)(1)(C) it is unlawful for any person to knowingly possess with intent to distribute a federally controlled substance.  Under 21 C.F.R. § 1308.12, fentanyl is Schedule II controlled substance.

## STATEMENT OF PROBABLE CAUSE

12.     On August 2, 2023, CANACA and ZUNIGA were arrested by DEA agents on Eddy Street (between Larkin and Polk Street), in San Francisco, California, in the Northern District of California.  Based on the facts described below, I have probable cause to believe that CANACA and ZUNIGA have violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on their possession with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N- [1- (2-phenylethyl) -4-piperidinyl] propenamide (fentanyl).

13.     At approximately 6:15 p.m. on August 2, 2023, law enforcement personnel, from a position of concealment, observed CANACA and ZUNIGA loitering on Eddy Street, between Larkin and Polk Street.  CANACA was wearing a black hooded sweater with the logo Jordan written in white print on the front of the sweater, and CANACA was using the hood of her sweater to cover her head.  ZUNIGA was also wearing a black hooded sweater and was using the hood of her sweater to cover her head.  ZUNIGA was also wearing a black face mask that covered her nose and mouth.

14.     Agents observed both CANACA and ZUNIGA each engage in at least one hand-to-hand drug transaction on Eddy Street (between Larkin and Polk Street), which is a location in San Francisco's Tenderloin District that is known for a high-volume of open-air drug sales.  In one drug transaction observed during surveillance, CANACA received U.S. currency from a male who was walking a bicycle, and, in turn, she provided the male what appeared to be, based on my training and experience, suspected narcotics.  In a second drug transaction, CANACA received U.S. currency from another male, who was wearing a red jacket, and, in turn, she gave the male suspected narcotics.  Similarly, during the surveillance period, ZUNIGA likewise received U.S. currency from a male, who wearing a blue sweater and a blue hat, and handed the male suspected narcotics.

15.     Based on the above, law enforcement believed probable cause existed to arrest the CANACA and ZUNIGA for a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

16.     At approximately 6:29 p.m., on August 2, 2023, law enforcement personnel converged on Eddy Street, at the location where CANACA and ZUNIGA were loitering, identified themselves as law enforcement, and detained the two for further investigation.

17.     DEA agents arrested CANACA and ZUNIGA for violating 21 U.S.C. § 841(a)(1), (b)(1)(C) and searched their persons incident to arrest.  On her person, CANACA had approximately 134 gross grams of suspected fentanyl, 53 gross grams of suspected cocaine base, and 59 gross grams of suspected methamphetamine.  On her person, ZUNIGA had about 148 gross grams of suspected fentanyl and 52 gross grams of suspected heroin.  Both CANACA and ZUNIGA were in possession of an undisclosed amount of U.S. currency.

18.     The suspected fentanyl seized from CANACA and ZUNIGA later tested presumptive positive for fentanyl utilizing a TruNarc testing device.

19.     Based on my training and experience, the amounts of presumptive positive fentanyl that CANACA and ZUNIGA each had on their person when they were arrested on August 2, 2023, were consistent with the amounts possessed for distribution as opposed to mere

personal use.  The amounts of fentanyl possessed by each CANACA and ZUNIGA, as well as the facts and circumstances set forth above, further show their intent to distribute the controlled substances they possessed at the time of their arrest.

20. CANACA's and ZUNIGA's true identities were confirmed through fingerprinting.

## CONCLUSION

21. Based on the information above, there is probable cause to believe that on or about August 2, 2023, CANACA and ZUNIGA violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on their possession with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N- [1- (2-phenylethyl) -4-piperidinyl] propenamide (fentanyl). Accordingly, I respectfully request that the Court issue a criminal complaint and warrants for their arrest.

*/s/ Braden Lyons*

Braden Lyons
Task Force Officer
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this **3rd** day of August 2023.

HON. THOMAS S. HIXSON
United States Magistrate Judge